IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE BLACKSTOCK, All Inmates housed in Unit #4 D - Gallery Protective Custody, | ) ) ) ) | |
| Petitioner, | ) ) | 4:18CV3059 |
| V. | ) ) | |
| SCOTT R. FRAKES, Nebraska Departmental of Correctional Services NDCS, | ) ) ) ) | MEMORANDUM AND ORDER |
| Respondent. | ) ) | |

Mr. Blackstock, an inmate in the custody of the State of Nebraska and purporting to represent himself and a class of prisoners who are housed in a protective custody wing of the Nebraska State Penitentiary, has brought a habeas corpus action. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the action without prejudice.

Blackstock asserts the following claims:

A. No way to access medical in a safe way.

B. N.S.P. is not capable to house protective custody inmates.

C. No hot food, cold pre-cooked and packaged meals.

D. No clean clothes 4 or more day.

E. No safe yard or R.E.C. time separate from general population inmates.

  F. A 15 min. shower every other day 48 hours - 72 hours.

  G. Housed in same unit as dangerous gang challenge program.

  H. No access to any religious programming.

  I. No access to any law library.

  J. 24 hours locked in double bunk room which isn't even in complaince [sic] with 55 square feet per inmate.

(Filing no. 1.)

For relief, he requests an order moving him and the other protective custody prisoners to another facility that can provide "Fundamental Human rights to be safe[.]" *Id.* In legal terms, it appears he is requesting an injunction requiring affirmative action on the part of Respondent.

 These are plainly "conditions of confinement" claims that are not properly brought as habeas corpus claims. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500(1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

 Moreover, it is axiomatic that "prisoners proceeding *pro se* may not represent other prisoners in federal court." *Falls-Bey v. Cook*, No. 2:17-CV-1103, 2018 WL 306610, at *2 (S.D. Ohio Jan. 5, 2018) (collecting cases), report and recommendation

adopted, No. 2:17-CV-1103, 2018 WL 645988 (S.D. Ohio Jan. 31, 2018). Thus, Blackstock may not represent other prisoners in this or any other case.

Because it "plainly appears from the petition . . . that [Blackstock] is not entitled to relief" under Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](); [28 U.S.C. § 2253(c)(2)](); [Fed. R. App. P. 22(b)(1)](). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in [*Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000)](). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The habeas corpus petition (filing no. [1]()) is dismissed without prejudice and particularly without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

2. The Clerk shall mail a copy of Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner) and a copy of AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) to Mr. Blackstock.

3. Judgment will be entered by separate order.

4. No certificate of appealability has been or will be issued.

5.  The motion to proceed in forma pauperis (filing no. 4) is denied because it is moot inasmuch as the filing fee has been paid.

6.  The motion for appointment of counsel (filing no. 6) is denied.

DATED this 23rd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge